UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
REAL ESTATE BOARD OF NEW YORK, INC., NEW
YORK STATE ASSOCIATION OF REALTORS, INC.,
BOHEMIA REALTY GROUP, BOND NEW YORK
REAL ESTATE CORP., REAL NEW YORK LLC,
LEVEL GROUP INC., FOUR CORNERS REALTY,
LLC, 21 WEST 74 CORP., 8 WEST 119TH STREET
HDFC,

                                               Plaintiffs,

             -against-

**DECLARATION OF**
**AIMEE K. LULICH**

THE CITY OF NEW YORK, *a municipal entity*, VILDA
VERA MAYUGA, *as Commissioner of New York City
Department of Consumer and Worker Protection*,

24-CV-09678 (RA)

                                               Defendants.

------------------------------------------------------------------------------x

        Aimee K. Lulich, an attorney duly admitted to practice law in the United States Southern District of New York, declares under penalties of perjury, pursuant to 28 U.S.C. § 1746, that the following is true:

        1.     I am a Senior Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, attorney for Defendants City of New York and Vilda Vera Mayuga, in her capacity as Commissioner of New York City Department of Consumer and Worker Protection ("DCWP").

        2.     In support of defendants' motion to dismiss and in opposition to plaintiffs' motion for a preliminary injunction, defendants submit the following exhibits:

        3.     Annexed hereto as Exhibit "A" is a true and correct copy of Local Law 119 of 2024, known as the Fairness in Apartment Rental Expenses, or FARE Act, which is published at New York City Administrative Code ("Admin. Code") §§ 20-699.20, *et seq*.

4. Annexed hereto as Exhibit "B" is a true and correct copy of those portions of the Minutes and Agenda for the City Council Stated Meeting held on February 28, 2024 regarding Introduction No. 360 of 2024 ("Int. 360"), evidencing that the FARE Act was introduced at City Council and sent to the City Council Committee on Consumer and Worker Protection ("Committee") on February 24, 2024.[1]

5. Annexed hereto as Exhibit "C" is a true and correct copy of the June 12, 2024 Committee Report on Int. 360 containing the proposed text of the bill prior to the Committee hearing testimony from the public and meeting with stakeholders, which demonstrates that, following consideration, City Council provided significantly more time from the date of enactment until the law becomes effective and defined with greater specificity the relationships and actions to which the law applies to address some stakeholder's concerns about vagueness.

6. Annexed hereto as Exhibit "D" is a true and correct copy of the written testimony submitted to the Committee on Int. 360 ahead of the June 12, 2024 hearing by the public, including: representatives of Plaintiffs REBNY, BOND, and Bohemia; numerous other real estate professionals, both in favor of and opposed to the bill; residents of the City impacted by broker fee costs; unions; businesses; non-profit organizations; and other interested groups.

7. Annexed hereto as Exhibit "E" is a true and correct copy of the transcript of the June 12, 2024 hearing regarding Int. 360, which included testimony by: representatives of Plaintiffs REBNY, BOND, and Bohemia; numerous other real estate professionals, both in favor

---

[1] The Legislative Record for the FARE Act, which includes Exhibits "B" through "I" herein, are publicly-available on Legistar at https://legistar.council.nyc.gov/LegislationDetail.aspx?ID=6557858&GUID=2E6273DC-FF0F-40B2-AAB5-B9B3D9BD09DB&Options=ID|Text|&Search=360 (last visited Feb. 24, 2024).

of and opposed to the bill; residents of the City impacted by broker fee costs; unions; businesses; non-profit organizations; and other interested groups.

8. Annexed hereto as Exhibit "F" is a true and correct copy of the November 13, 2024 Committee report on Int. No. 360 which describes the background and circumstances regarding broker fees in the City and reflects that City Council thoroughly considered the public testimony, meetings with stakeholders, including Plaintiff REBNY, and the information gathered as part of the legislative record in crafting the FARE Act, which included an investigation conducted by OID. It addresses the feedback received by stakeholders and provides explanations regarding the reasons for the adoption or rejection of that feedback. It additionally reflects that, following consideration of the legislative record, City Council amended the text of the bill to define with specificity the relationships and actions impacted by the FARE Act and to lengthen the amount of time between enactment and implementation.

9. Annexed hereto as Exhibit "G" is a true and correct copy of the transcript of the November 13, 2024 hearing before the Committee, in which Int. 360 was approved by Committee and sent to City Council for vote.

10. Annexed hereto as Exhibit "H" is a true and correct copy of the transcript of City Council's November 13, 2024 stated meeting, at which City Council voted to pass the FARE Act.

11. Annexed hereto as Exhibit "I" is a true and correct copy of the letter to the Mayor confirming that Int. 360 was returned unsigned on December 16, 2024, became law, and was assigned as Local Law 119 of 2024.

12. Annexed hereto as Exhibit "J" is a true and correct copy of the bill jacket for chapter 672 of the Laws of 1922, which is cited in defendants' accompanying memorandum of law.

13. Annexed hereto as Exhibit "K" is a true and correct copy of the Unpublished Decision in *Real Estate Bd. of N.Y., Inc. v. N.Y. Dept. of State*, Index No. 901586-20 (Albany County Apr. 12, 2021), which is cited in defendants' accompanying memorandum of law.

Dated:    New York, New York
          February 28, 2025

/s/
Aimee Lulich
