UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

REAL ESTATE BOARD OF NEW YORK, INC., NEW YORK STATE ASSOCIATION OF REALTORS, INC., BOHEMIA REALTY GROUP, BOND NEW YORK REAL ESTATE CORP., REAL NEW YORK LLC, LEVEL GROUP INC., FOUR CORNERS REALTY, LLC, 21 WEST 74 CORP., 8 WEST 119TH STREET HDFC,

      Plaintiffs,

v.

THE CITY OF NEW YORK, *a municipal entity*, VILDA VERA MAYGUA, *as Commissioner of New York City Department of Consumer and Worker Protection*,

      Defendants.

24-CV-9678 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

  Plaintiffs, a group consisting of not-for-profit trade organizations, real estate brokerage firms, and landlords, bring this action against the City of New York and Vilda Vera Maygua, Commissioner of the City's Department of Consumer and Worker Protection, alleging that the Fairness in Apartment Rental Expenses ("FARE") Act, N.Y.C. Admin. Code § 20-699.20–25, is unconstitutional and preempted by state law. Before the Court is a motion to intervene by proposed Intervenor-Defendant Neighbors Together Corp. ("Neighbors Together"). For the reasons that follow, the motion is denied, although Neighbors Together shall be permitted to act as amicus curiae if it seeks to do so.

## BACKGROUND

  The FARE Act became law on December 16, 2024. When it takes effect on June 14, 2025,

it will, in essence, prohibit residential real estate brokers from imposing brokerage fees on tenants. *See* N.Y.C. Admin. Code § 20-699.21. Plaintiffs commenced this action on December 29, 2023, asserting that the FARE Act violates the United States Constitution's First Amendment and Contracts Clause, the New York State Constitution's free speech clause, and New York state law. *See* ECF No. 1. On January 13, 2025, Plaintiffs filed a motion for a preliminary injunction. *See* ECF No. 19. Defendants filed a combined motion to dismiss and opposition to the motion for a preliminary injunction on February 28, 2025. *See* ECF No. 36. Those motions will be fully briefed on April 11, 2025. *See* ECF No. 30.

On February 11, 2025, Neighbors Together moved to intervene as a defendant pursuant to Federal Rule of Civil Procedure 24(b)(1)(B), and attached a proposed combined cross-motion to dismiss and opposition to the motion for a preliminary injunction. *See* ECF No. 31 ("Mot."). Plaintiffs opposed the motion to intervene on February 25, 2025, *see* ECF No. 34 ("Opp'n"), and Neighbors Together replied on February 27, 2025, *see* ECF No. 35. The City has taken no position on the motion.

Neighbors Together is a New York City-based membership organization "committed to ending hunger and poverty." Blumsack Decl. ¶ 2. Over 60% of its members are homeless or unstably housed, *id.* ¶ 8, and thus, as part of its mission, it provides housing search assistance to members with housing vouchers, Gil Decl. ¶ 4. In many cases, its members are "blocked from obtaining housing due to the upfront cost that broker fees impose." Blumsack Decl. ¶ 12. Neighbors Together advocated for the FARE Act's passage, including through written and live testimony before the City Council. *Id.* ¶ 17.

**LEGAL STANDARD**

Pursuant to Rule 24, a court to may grant permissive intervention "on timely motion" where

a non-party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  District courts have "broad discretion" in deciding motions for permissive intervention.  *Wash. Elec. Co-op., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 98 (2d Cir. 1990); *see also U. S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978) ("Permissive intervention is wholly discretionary with the trial court.").  In exercising its discretion, "the principal guide in deciding whether to grant permissive intervention is whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Bldg. & Realty Inst. of Westchester & Putnam Ctys., Inc. v. New York*, No. 19-CV-11285, 2020 WL 5667181, at *3 (S.D.N.Y. Sept. 23, 2020);[1] *see also* Fed. R. Civ. P. 24(b)(3).  "Additional relevant factors include the nature and extent of the intervenors' interests, the extent to which those interests are adequately represented by other parties, and whether [the] parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented."  *335-7 LLC v. City of New York*, No. 20-CV-1053, 2020 WL 3100085, at *3 (S.D.N.Y. June 11, 2020).

## DISCUSSION

Neighbors Together argues that its motion should be granted because: (1) intervention will neither delay the action nor prejudice the original parties; (2) it has a strong interest in defending the FARE Act, which directly benefits its members; and (3) intervention will promote development of the factual record and fair adjudication of the underlying legal issues.  Plaintiffs respond that (1) intervention will not assist the Court, as the City already adequately represents Neighbors Together's interests; (2) Neighbors Together lacks a cognizable interest in this action; and (3)

---

[1] Unless otherwise indicated, this memorandum opinion and order omits all internal quotation marks, citations, footnotes, omissions, emphases, and alterations in quoted text.

intervention will unnecessarily complicate this litigation.

The Court exercises its discretion to deny the motion to intervene. There is no dispute that Neighbors Together's interest in upholding the FARE Act is adequately represented by the City, which "is sufficient to deny permissive intervention." *Bldg. & Realty Inst.*, 2020 WL 5667181, at *6 (citing *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014)). And although "courts in this District routinely grant permissive intervention despite finding that an existing party adequately represents the proposed intervenor's interest," *Hum. Servs. Council of New York v. City of New York*, No. 21-CV-11149, 2022 WL 4585815, at *4 (S.D.N.Y. Sept. 29, 2022) (collecting cases), they generally do so only where "the addition of the intervenors will assist in the just and equitable adjudication of any of the issues between the parties," *New York v. United States Dep't of Health & Hum. Servs.*, No. 19-CV-4676, 2019 WL 3531960, at *6 (S.D.N.Y. Aug. 2, 2019). Here, Neighbors Together submits that intervention is appropriate because it "has specialized expertise and substantial familiarity regarding the impact and operation of broker fees." Mot. at 8. Although the Court does not question that expertise, it appears that Neighbors Together's intervention will "merely underline issues already raised by the primary parties," and the Court is thus not persuaded that a "significant benefit would be gained by [its] intervention" that could not be achieved through participation as amicus curiae. *Bldg. & Realty Inst.*, 2020 WL 5667181, at *7.

## CONCLUSION

For the foregoing reasons, the motion to intervene is denied. However, in light of Neighbors Together's specialized knowledge, the Court invites it to serve as amicus curiae—with Plaintiff's consent, *see* Opp'n at 2—if it wishes to do so. If Neighbors Together seeks to participate as amicus, it shall file a letter motion no later than one week from the date of this order attaching

its proposed submission.

      The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 31.

SO ORDERED.

Dated:    March 3, 2025
             New York, New York

_____
Ronnie Abrams
United States District Judge

5