

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

Claude G. Szyfer
claude.szyfer@hoganlovells.com

April 11, 2025

**By ECF**

Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:    *Real Estate Board of New York, Inc., et al. v. City of New York, et al.*,
       24-CV-9678 (RA)

Dear Judge Abrams:

Pursuant to Rule 5(A) of Your Honor's Individual Rules and Practices in Civil Cases and Rule 5.2 of the Federal Rules of Civil Procedure, Plaintiffs in the above-captioned action respectfully request leave to file in redacted form certain documents filed in support of their combined Reply in Further Support of Plaintiffs' Motion for Preliminary Injunction and Opposition to Defendants' Motion to Dismiss.

The parties have met and conferred and Defendants consent to Plaintiffs' request.

### I.    Background

On December 16, 2024, Plaintiffs filed the Complaint in this action.  ECF No. 1. The Complaint challenges the Fairness in Apartment Rental Expenses ("FARE") Act under the Contracts Clause and First Amendment of the U.S. Constitution, and for preemption under state law.  *Id.*

On January 13, 2025, Plaintiffs filed a Motion for Preliminary Injunction ("PI Motion").  ECF Nos. 19-27.

On February 28, 2025, Defendants filed a combined Opposition to the PI Motion and a Motion to Dismiss the Complaint ("Motion to Dismiss").  ECF Nos. 36-38.  Among other things, Defendants challenged Plaintiffs' standing to bring a Contracts Clause claim

to the extent the Complaint does not allege existing, exclusive, tenant-pay contracts that will be impaired by the Act. ECF No. 37 at 23.

On April 11, 2025, Plaintiffs filed a combined Reply in further support of the PI Motion and Opposition to the Motion to Dismiss, which was accompanied by the Supplemental Declaration of Claude Szyfer ("Supplemental Szyfer Declaration"). ECF No. 50.

Attached as Exhibit A to the Supplemental Szyfer Declaration ("Exhibit A") are several Exclusive Right to Rent Agreements (the "Agreements") between Plaintiff REAL New York LLC ("REAL New York") and owners (the "Owners") of residential rental buildings in New York City (the "Buildings"), engaging REAL New York as the Owners' exclusive marketing and rental agent for the Buildings. The Agreements provide that REAL New York will collect its fee from the tenant.

The Building Owners are not parties to this litigation.

### II. The Court Should Allow Plaintiffs to Redact Owner Information From the Agreements

Plaintiffs request the Court's leave to redact (1) the Owners' names and addresses and (2) the Building addresses (collectively the "Owner Information") from the Agreements in Exhibit A. Allowing these narrowly tailored redactions will protect REAL New York's commercially sensitive information and the privacy interests of its clients, while remaining consistent with the presumption in favor of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). A highlighted version of Exhibit A showing the proposed redactions is being filed under seal concurrently with this letter motion.

The public's presumptive right of access is not absolute. *See, e.g., FuboTV Inc. v. Walt Disney Co.*, No. 24-cv-01363 (MMG), 2024 WL 1884974, at *1 (S.D.N.Y. Apr. 30, 2024). "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119 (citation omitted).

Commercially sensitive information is regularly filed under seal to avoid harming a party's business interests. *See, e.g., Graczyk v. Verizon Commc'ns, Inc.*, No. 18-cv-6465 (PGG), 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020). Here, revealing the terms of REAL New York's exclusive rental agreements while also identifying its clients would put REAL New York at a competitive disadvantage. Redacting the Owner Information, which does not "directly affect" the adjudication of this action, will mitigate the harm to REAL New York's business interests while ensuring public access to the Agreements' substantive terms. *Lugosch*, 435 F.3d at 119. Meanwhile, the contractual terms relevant

to issues in this litigation—e.g., the start and end dates, exclusive representation, and tenant-pay provisions, *see* ECF 37 at 23—will remain publicly available.

Further, redacting the Owner Information is appropriate to protect the privacy interests of the Owners. *See U.S. v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (noting that the privacy interests of third parties "are a venerable common law exception to the presumption of access").

For the foregoing reasons, Plaintiffs respectfully request that the Court issue an order permitting Plaintiffs to redact the Owner Information in the Agreements.

Respectfully submitted,

*/s/ Claude G. Szyfer*

3