UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------- x

REAL ESTATE BOARD OF NEW YORK, INC.,
NEW YORK STATE ASSOCIATION OF
REALTORS, INC., BOHEMIA REALTY GROUP,
BOND NEW YORK REAL ESTATE CORP.,
REAL NEW YORK LLC, LEVEL GROUP INC.,
FOUR CORNERS REALTY, LLC, 21 WEST 74
CORP., 8 WEST 119TH STREET HDFC,

|  | **DEFENDANTS CITY OF NEW YORK AND VILDA VERA MAYUGA'S ANSWER TO THE COMPLAINT** |
|---|---|
|  | 24-CV-09678 (RA) |

Plaintiffs,

**JURY TRIAL DEMANDED**

-against-

THE CITY OF NEW YORK, *a municipal entity*,
VILDA VERA MAYUGA, *as Commissioner of
New York City Department of Consumer and
Worker Protection*,

Defendants.
-------------------------------------------------------------------------------- x

Defendants City of New York ("City") and New York City Department of Consumer and

Worker Protection ("DCWP") Commissioner Vilda Vera Mayuga, in her official capacity, by their

attorney, Muriel Goode-Trufant, Corporation Counsel of the City of New York, for their answer

to the Complaint,[1] respectfully allege, upon information and belief, as follows:

1.      Deny the allegations set forth in paragraph "1" of the Complaint, except admit that

the New York City Council passed Introduction Number ("Int. No.") 360-A of 2024, which was

also known as the Fairness in Apartment Rental Expenses Act ("FARE Act") on November 13,

2024 and respectfully refer this Court to the legislative record for an accurate recitation of the

purpose of the FARE Act.

---

[1] Defendants aver that, by Opinion and Order dated June 10, 2025, Counts I, II and IV were dismissed for failure to state a claim. The only remaining claim, Count III, is brought pursuant to the Contract Clause of the U.S. Constitution. The only Plaintiff who has pled facts alleging that it has exclusive contracts impacted by the FARE Act is Bond New York.

2.    Deny the allegations set forth in paragraph "2" of the Complaint, except respectfully refer this Court to the legislative record for an accurate recitation of the purpose of the FARE Act.

3.    Deny the allegations set forth in paragraph "3" of the Complaint.

4.    Deny the allegations set forth in paragraph "4" of the Complaint.

5.    Deny the allegations set forth in paragraph "5" of the Complaint.

6.    Deny the allegations set forth in paragraph "6" of the Complaint.

7.    Deny the allegations set forth in paragraph "7" of the Complaint.

8.    Deny the allegations set forth in paragraph "8" of the Complaint.

9.    Deny the allegations set forth in paragraph "9" of the Complaint.

10.    Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Plaintiffs purport to establish jurisdiction as stated therein.

11.    Deny the allegations set forth in paragraph "11" of the Complaint, except admit that Plaintiffs purport to base venue as stated therein.

12.    Deny the allegations set forth in paragraph "12" of the Complaint, except admit that Plaintiff Real Estate Board of New York ("REBNY") is a real estate trade association and purports to proceed in this action as stated therein, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the interests and entities represented by REBNY.

13.    Deny the allegations set forth in paragraph "13" of the Complaint, except admit that Plaintiff New York State Association of Realtors ("NYSAR") is a real estate trade organization and purports to proceed in this action as stated therein, and deny knowledge or information

sufficient to form a belief as to the truth of the allegations concerning the services provided by or interests represented by NYSAR.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint, except admit that Realty Group, LLC is incorporated in the State of New York and purports to proceed in this action as stated therein.

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint, except admit that Bond New York Real Estate Corp. is incorporated in the State of New York with principal executive offices located at 810 Seventh Avenue, 39th Floor, New York, New York 10019 and purports to proceed in this action as stated therein.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint, except admit that Level Group Inc. is incorporated in the State of New York with a principle executive office address of 211 East 43rd Street, 24th Floor, New York, New York 10017 and purports to proceed in this action as stated therein.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint, except admit that a Limited Liability Corporation named "REAL New York, II LLC" is incorporated in the State of New York with a principal executive office address of 164 Ludlow Street, New York, New York, 10002 and purports to proceed in this action as stated therein.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint, except admit that Four Corners Realty purports to proceed in this action as stated therein.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint, except admit that a corporation named 21 West 74 is incorporated in the State of New York and purports to proceed in this action as stated therein.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint, except admit that 8 West 119 Street Housing Development Fund Corporation is incorporated in the State of New York and purports to proceed in this action as stated therein.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint, except admit that Plaintiffs define the terms "Brokerage Plaintiffs" and "Landlord Plaintiffs" as set forth therein.

22.     Admit the allegations set forth in paragraph "22" of the Complaint, insofar as the City is a municipal entity under the laws of the State of New York.

23.     Deny the allegations set forth in paragraph "23" of the Complaint, except admit that Vilda Vera Mayuga is the Commissioner of DCWP and that DCWP is tasked with the enforcement of Local Law 119 and respectfully refers this Court to the law itself for its full text and true meaning.

24.     Deny the allegations set forth in paragraph "24" of the Complaint, except admit that the legislative record reflects that the majority of City households rent their homes and that the

City's residential rental vacancy rate fell to around 1.4% in the year 2023, and respectfully refer this Court to the legislative record for the FARE Act for an accurate recitation of the public interests it addresses.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint, except admit that the legislative record reflects that median rents in the City reached historic highs in 2023.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint, except admit that the legislative record for the FARE Act demonstrates that over half of the City's households are rent burdened.

27.     Deny the allegations set forth in paragraph "27" of the Complaint, except admit that landlords, brokers, and consumers are impacted by the City's rental market.

28.     Deny the allegations set forth in paragraph "28" of the Complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint, except admit that some landlords contract with a broker to fill vacancies and some landlords elect to pay the broker's fee.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint, except admit that some landlords contract with a broker to fill vacancies and some landlords make clear that the broker must seek compensation from the renter.

32.     Deny the allegations set forth in paragraph "32" of the Complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint, except admit that landlords may choose to provide open listings to numerous brokers with the understanding that the broker who ultimately fills the vacancy will seek payment of the broker's fee from the tenant.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint, except admit that, prior to Local Law 119, a landlord could authorize brokers to advertise and fill a vacancy but require the broker's fee to be paid by the tenant.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39.     Deny the allegations set forth in paragraph "39" of the Complaint, except admit that the legislative record reflects that the majority of rental listings were non-exclusive and about half required the tenant to pay the broker's fee.

40.     Deny the allegations set forth in paragraph "40" of the Complaint, except admit that open listings may benefit some consumers, landlords, and brokers in some circumstances.

41.    Deny the allegations set forth in paragraph "41" of the Complaint, except admit that brokers can provide valuable services to landlords or consumers.

42.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint, except admit that landlords and owners can benefit from the services of brokers and agents.

43.    Deny the allegations set forth in paragraph "43" of the Complaint.

44.    Deny the allegations set forth in paragraph "44" of the Complaint, except admit that tenant-pay listings allow landlords to avoid incurring the cost of a broker's fee.

45.    Deny the allegations set forth in paragraph "45" of the Complaint.

46.    Deny the allegations set forth in paragraph "46" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that "landlords depend on real estate brokers to ensure that the legal and administrative requirements" are met.

47.    Deny the allegations set forth in paragraph "47" of the Complaint, except admit that the legislative record reflects that about half of rental listings do not require tenants to pay a broker's fee and refer this Court to the record itself for its full text and true meaning.

48.    Deny the allegations set forth in paragraph "48" of the Complaint.

49.    Deny the allegations set forth in paragraph "49" of the Complaint, except admit that no-fee apartments are more likely to be located in luxury buildings with higher rents.

50.    Deny the allegations set forth in paragraph "50" of the Complaint.

51.    Deny the allegations set forth in paragraph "51" of the Complaint.

52.    Deny the allegations set forth in paragraph "52" of the Complaint, except admit that landlords are diverse with different business preferences.

53.     Deny the allegations set forth in paragraph "53" of the Complaint, except admit that no-fee apartments are more likely to be in luxury buildings with higher rents.

54.     Deny the allegations set forth in paragraph "54" of the Complaint, except admit that about 41% of the City's rentals are market rate, and that the New York City Rent Guidelines Board ("NYCRGB") determines rent increases for lease renewals of rent stabilized apartments and refer this Court to the NYCRGB for information regarding rent stabilized apartments in the City.

55.     Deny the allegations set forth in paragraph "55" of the Complaint, except admit that some rent stabilized apartments rent at market rate below the maximum amount allowed by law.

56.     Deny the allegations set forth in paragraph "56" of the Complaint and refer this Court to the NYCRGB for information regarding rent stabilized apartments in the City.

57.     Deny the allegations set forth in paragraph "57" of the Complaint, except admit that New York State Legislature has enacted laws that regulate licensed real estate brokers, including continuing education requirements.

58.     Deny the allegations set forth in paragraph "58" of the Complaint, except admit that there are New York state laws that regulate brokers.

59.     State that the allegations in paragraph "59" of the Complaint do not contain any statement of facts which require a response and respectfully refer this Court to Article 12-A of New York Real Property Law ("RPL") for its full text and true meaning.

60.     State that the allegations set forth in paragraph "60" of the Complaint do not contain any statement of facts which require a response and respectfully refer this Court to Article 12-A of the RPL for its full text and true meaning.

61.     State that the allegations set forth in paragraph "61" of the Complaint do not contain any statement of facts which require a response and respectfully refer this Court to Article 12-A of the RPL for its full text and true meaning.

62.     State that the allegations set forth in paragraph "62" of the Complaint do not contain any statement of facts which require a response and respectfully refer this Court to Article 12-A of the RPL for its full text and true meaning.

63.     State that the allegations set forth in paragraph "63" of the Complaint do not contain any statement of facts which require a response and respectfully refer this Court to Article 12-A of the RPL for its full text and true meaning.

64.     State that the allegations set forth in paragraph "64" of the Complaint do not contain any statement of facts which require a response and respectfully refer this Court to the regulations cited therein for their full text and true meaning.

65.     State that the allegations set forth in paragraph "65" of the Complaint do not contain any statement of facts which require a response and respectfully refer this Court to the regulations cited therein for their full text and true meaning.

66.     Deny the allegations set forth in paragraph "66" of the Complaint, except admit that it contains a partial quotation from the transcript of the June 12, 2024 committee hearing regarding the FARE Act and respectfully refer this Court to the transcript for its full text and true meaning.

67.     Deny the allegations set forth in paragraph "67" of the Complaint, except admit that it contains a partial quotation from the transcript of the June 12, 2024 committee hearing regarding the FARE Act and respectfully refer this Court to the transcript for its full text and true meaning.

68.     Deny the allegations set forth in paragraph "68" of the Complaint, except admit that it contains a partial quotation from the transcript of the June 12, 2024 committee hearing regarding the FARE Act and respectfully refer this Court to the transcript and to Article 12-A of the RPL for their full text and true meaning.

69.     Deny the allegations set forth in paragraph "69" of the Complaint, except admit that the FARE Act amended the New York City Administrative Code ("Admin. Code") Title 20, Chapter 4, to add §§ 20-699.20 through 20-699.25, that it was passed by City Council on November 13, 2024, that the Mayor neither signed nor vetoed the law within 30 days after it passed, and aver that the FARE Act went into effect on June 11, 2025, and respectfully refer this Court to the law itself for its full text and true meaning.

70.     Deny the allegations set forth in paragraph "70" of the Complaint except admit that Admin. Code § 20-699.21(a) prohibits a broker who has been retained by a landlord, or who publishes a listing with a landlord's permission, from imposing a fee on a tenant for the rental of that residential listing and respectfully refer this Court to Admin. Code § 20-699.21(a) itself for its full text and true meaning.

71.     Deny the allegations set forth in paragraph "71" of the Complaint, except admit that Admin. Code § 20-699.21(b) states a landlord violates Admin. Code § 20-699.21(a) if a broker is the landlord's agent or publishes a listing with the landlord's authorization and imposes a fee on the tenant for rental of that listing and refer this Court to Admin. Code § 20-699.21(b) itself for its full text and true meaning.

72.     Deny the allegations set forth in paragraph "72" of the Complaint, except admit that Admin. Code § 20-699.21(c) states "[n]p person shall condition the rental of residential real

property on a tenant engaging any agent, including but not limited to a dual agent" and respectfully refer this Court to the FARE Act itself for its full text and true meaning.

73.     Deny the allegations set forth in paragraph "73" of the Complaint, except admit that Admin. Code § 20-699.21(e) states "[t]here shall be a rebuttable presumption that an agent who publishes a listing for a rental of residential real property does so with the permission or authorization of the landlord of such property" and respectfully refer this Court to the FARE Act itself for its full text and true meaning.

74.     Admit the allegations set forth in paragraph "74" of the Complaint insofar as Admin. Code § 20-699.22, *inter alia*, requires disclosure of all fees to be paid by the tenant for the rental of residential property and respectfully refer this Court to the Admin. Code provision itself for its full text and true meaning.

75.     Deny the allegations set forth in paragraph "75" of the Complaint, except admit that Admin. Code § 20-699.23 provides for penalties for violation of §§ 20-699.21 & 20-699.22 and Admin. Code § 20-699.24 provides for a private cause of action and respectfully refer this Court to the Admin. Code provisions themselves for their full text and true meaning.

76.     Deny the allegations set forth in paragraph "76" of the Complaint, except admit that City Council considered and rejected a version of the FARE Act that would not apply to exclusive contracts between brokers and landlords entered into before the effective date of the law.

77.     Deny the allegations set forth in paragraph "77" of the Complaint, except admit that the FARE Act was set to become effective 180 days after it became law.

78.     Deny the allegations set forth in paragraph "78" of the Complaint, except admit that it contains a partial quotation from the November 13, 2024 Committee Report regarding the FARE Act and respectfully refer this Court to the Report itself for its full text and true meaning.

79.     Deny the allegations set forth in paragraph "79" of the Complaint, and respectfully refer this Court to the Report itself for its full text and true meaning.

80.     Deny the allegations set forth in paragraph "80" of the Complaint, and respectfully refer this Court to the Report itself for its full text and true meaning.

81.     Deny the allegations set forth in paragraph "81" of the Complaint, except admit that dual agency is permitted under New York State law.

82.     Deny the allegations set forth in paragraph "82" of the Complaint.

83.     Deny the allegations set forth in paragraph "83" of the Complaint.

84.     Deny the allegations set forth in paragraph "84" of the Complaint, except admit that it contains a partial quotation from the June 16, 2024 hearing regarding the FARE Act and respectfully refer this Court to the hearing transcript itself for its full text and true meaning.

85.     Deny the allegations set forth in paragraph "85" of the Complaint, except admit that it contains partial quotations from a Council Member's social media posts and state that such posts are not part of the legislative record and are not relevant to the instant claims.

86.     Deny the allegations set forth in paragraph "86" of the Complaint.

87.     Deny the allegations set forth in paragraph "87" of the Complaint, except admit that it contains a partial quotation from the June 16, 2024 hearing regarding the FARE Act and respectfully refer this Court to the hearing transcript itself for its full text and true meaning.

88.    Deny the allegations set forth in paragraph "88" of the Complaint, except admit that it contains a partial quotation from the June 16, 2024 hearing regarding the FARE Act and respectfully refer this Court to the hearing transcript itself for its full text and true meaning.

89.    Deny the allegations set forth in paragraph "89" of the Complaint.

90.    Deny the allegations set forth in paragraph "90" of the Complaint, except admit that it contains partial quotations from the November 13, 2024 hearing regarding the FARE Act and respectfully refer this Court to the hearing transcript itself for its full text and true meaning.

91.    Deny the allegations set forth in paragraph "91" of the Complaint.

92.    Deny the allegations set forth in paragraph "92" of the Complaint, except admit that it contains a partial quotation from the June 16, 2024 hearing and respectfully refer this Court to the hearing transcript for its full text and true meaning.

93.    Deny the allegations set forth in paragraph "93" of the Complaint.

94.    Deny the allegations set forth in paragraph "94" of the Complaint, except admit that it contains a partial quotation from the June 16, 2024 hearing and respectfully refer this Court to the hearing transcript for its full text and true meaning.

95.    Deny the allegations set forth in paragraph "95" of the Complaint, except admit that it contains a partial quotation from the June 16, 2024 hearing and respectfully refer this Court to the hearing transcript for its full text and true meaning.

96.    Deny the allegations set forth in paragraph "96" of the Complaint, except admit that it contains a partial quotation from the June 16, 2024 hearing and respectfully refer this Court to the hearing transcript for its full text and true meaning.

97.     Deny the allegations set forth in paragraph "97" of the Complaint, except admit that it contains a partial quotation from the June 16, 2024 hearing and respectfully refer this Court to the hearing transcript for its full text and true meaning.

98.     Deny the allegations set forth in paragraph "98" of the Complaint, except admit that it contains a partial quotation from the June 16, 2024 hearing and respectfully refer this Court to the hearing transcript for its full text and true meaning.

99.     Deny the allegations set forth in paragraph "99" of the Complaint, except admit that it contains a partial quotation from the June 16, 2024 hearing and respectfully refer this Court to the hearing transcript for its full text and true meaning.

100.     Deny the allegations set forth in paragraph "100" of the Complaint, except admit that DCWP did not provide testimony at the June 16, 2024 hearing.

101.     Deny the allegations set forth in paragraph "101" of the Complaint, except admit that it contains a partial quotation from the June 16, 2024 hearing and respectfully refer this Court to the hearing transcript for its full text and true meaning.

102.     Deny the allegations set forth in paragraph "102" of the Complaint.

103.     Deny the allegations set forth in paragraph "103" of the Complaint, and refer this Court to the Committee Report itself for its full text and true meaning.

104.     Deny the allegations set forth in paragraph "104" of the Complaint, and respectfully refer this Court to the text of Int. No. 360, Int. No. 360-A, and Local Law 119 for their full text and true meaning.

105.     Deny the allegations set forth in paragraph "105" of the Complaint.

106.     Deny the allegations set forth in paragraph "106" of the Complaint.

107.    Admit the allegations set forth in paragraph "107" of the Complaint insofar as it contains accurate partial quotations from testimony during the June 16, 2024 Hearing, and respectfully refer this Court to the transcript itself for its full text and true meaning.

108.    Deny the allegations set forth in paragraph "108" of the Complaint, and respectfully refer this Court to the Report itself for its full text and true meaning.

109.    Deny the allegations set forth in paragraph "109" of the Complaint, except admit that it contains a partial quotation from the June 16, 2024 Hearing, and respectfully refer this Court to the transcript of the hearing itself for its full text and true meaning.

110.    Deny the allegations set forth in paragraph "110" of the Complaint, and respectfully refer this Court to the documents and regulations cited therein for their full text and true meaning.

111.    Deny the allegations set forth in paragraph "111" of the Complaint.

112.    Deny the allegations set forth in paragraph "112" of the Complaint, except admit that it contains a partial quotation from the June 16, 2024 Hearing, and respectfully refer this Court to the transcript of the hearing itself for its full text and true meaning.

113.    Deny the allegations set forth in paragraph "113" of the Complaint, and respectfully refer this Court to the transcript of the hearing itself for its full text and true meaning.

114.    Deny the allegations set forth in paragraph "114" of the Complaint, except admit that it contains partial quotations from a Council Member's social media posts and state that such posts are not part of the legislative record and are not relevant to the instant claims.

115.    Deny the allegations set forth in paragraph "115" of the Complaint, and respectfully refer this Court to the legislative record itself for its full text and true meaning.

116.    Deny the allegations set forth in paragraph "116" of the Complaint, and respectfully refer this Court to the transcript of the hearing itself for its full text and true meaning.

117.    Deny the allegations set forth in paragraph "117" of the Complaint, and respectfully refer this Court to the transcript of the hearing itself for its full text and true meaning.

118.    Deny the allegations set forth in paragraph "118" of the Complaint.

119.    Deny the allegations set forth in paragraph "119" of the Complaint, and respectfully refer this Court to the transcript of the hearing itself for its full text and true meaning.

120.    Deny the allegations set forth in paragraph "120" of the Complaint, except admit that it contains a quotation from the written testimony, and respectfully refer this Court to the written testimony itself for its full text and true meaning.

121.    Deny the allegations set forth in paragraph "121" of the Complaint and refer this Court to the written testimony for its full text and true meaning.

122.    Deny the allegations set forth in paragraph "122" of the Complaint, except admit that it contains a quotation from the written testimony, and respectfully refer this Court to the written testimony itself for its full text and true meaning.

123.    Deny the allegations set forth in paragraph "123" of the Complaint, except admit that it contains quotations from testimony before City Council, and respectfully refer this Court to the transcript of the June 16, 2024 hearing itself for its full text and true meaning.

124.    Deny the allegations set forth in paragraph "124" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the starting income for a New York City agent.

125.     Deny the allegations set forth in paragraph "125" of the Complaint, and respectfully refer this Court to the legislative record for its full text and true meaning.

126.     Deny the allegations set forth in paragraph "126" of the Complaint, except admit that it contains a partial quotation from the testimony at the June 16, 2024 hearing and refer this Court to the testimony itself for its full text and true meaning.

127.     Deny the allegations set forth in paragraph "127" of the Complaint.

128.     Deny the allegations set forth in paragraph "128" of the Complaint.

129.     Deny the allegations set forth in paragraph "129" of the Complaint, except admit that New York City was one of only two cities in the country where renters routinely pay the fees of brokers retained by landlords and further admit that it contains a partial quotation from the June 16, 2024 hearing testimony, and respectfully refer this Court to the transcript of the testimony itself for its full text and true meaning.

130.     Deny the allegations set forth in paragraph "130" of the Complaint.

131.     Deny the allegations set forth in paragraph "131" of the Complaint, except admit that it contains a partial quotation from the hearing testimony, and respectfully refer this Court to the testimony itself for its full text and true meaning.

132.     Deny the allegations set forth in paragraph "132" of the Complaint, except admit that the FARE Act applies to all landlords of residential rental property.

133.     Deny the allegations set forth in paragraph "133" of the Complaint.

134.     Deny the allegations set forth in paragraph "134" of the Complaint.

135.     Deny the allegations set forth in paragraph "135" of the Complaint.

136.     Deny the allegations set forth in paragraph "136" of the Complaint.

137.    Deny the allegations set forth in paragraph "137" of the Complaint.

138.    Deny the allegations set forth in paragraph "138" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the content of Plaintiff Bond New York's agreements with landlords.

139.    Deny the allegations set forth in paragraph "139" of the Complaint, except admit that Admin. Code § 20-699.21(c) states "[n]o person shall condition the rental of residential real property on a tenant engaging any agent, including but not limited to a dual agent."

140.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "140" of the Complaint.

141.    Deny the allegations set forth in paragraph "141" of the Complaint.

142.    Deny the allegations set forth in paragraph "142" of the Complaint.

143.     Deny the allegations set forth in paragraph "143" of the Complaint.

144.    Deny the allegations set forth in paragraph "144" of the Complaint.

145.    Deny the allegations set forth in paragraph "145" of the Complaint.

146.    Deny the allegations set forth in paragraph "146" of the Complaint.

147.    Deny the allegations set forth in paragraph "147" of the Complaint.

148.    Deny the allegations set forth in paragraph "148" of the Complaint.

149.    In response to the allegations set forth in paragraph "149" of the Complaint, defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

150.    Deny the allegations set forth in paragraph "150" of the Complaint and state that Count I of the Complaint was dismissed by Opinion and Order dated June 10, 2025.

151.    Deny the allegations set forth in paragraph "151" of the Complaint and state that Count I of the Complaint was dismissed by Opinion and Order dated June 10, 2025.

152.    Deny the allegations set forth in paragraph "152" of the Complaint and state that Count I of the Complaint was dismissed by Opinion and Order dated June 10, 2025.

153.    Deny the allegations set forth in paragraph "153" of the Complaint and state that Count I of the Complaint was dismissed by Opinion and Order dated June 10, 2025.

154.    Deny the allegations set forth in paragraph "154" of the Complaint and state that Count I of the Complaint was dismissed by Opinion and Order dated June 10, 2025.

155.    Deny the allegations set forth in paragraph "155" of the Complaint and state that Count I of the Complaint was dismissed by Opinion and Order dated June 10, 2025.

156.    Deny the allegations set forth in paragraph "156" of the Complaint and state that Count I of the Complaint was dismissed by Opinion and Order dated June 10, 2025.

157.    Deny the allegations set forth in paragraph "157" of the Complaint and state that Count I of the Complaint was dismissed by Opinion and Order dated June 10, 2025.

158.    Deny the allegations set forth in paragraph "158" of the Complaint and state that Count I of the Complaint was dismissed by Opinion and Order dated June 10, 2025.

159.    In response to the allegations set forth in paragraph "159" of the Complaint, defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

160.    Deny the allegations set forth in paragraph "160" of the Complaint and state that Count II of the Complaint was dismissed by Opinion and Order dated June 10, 2025.

161.    Deny the allegations set forth in paragraph "161" of the Complaint and state that Count II of the Complaint was dismissed by Opinion and Order dated June 10, 2025.

162.    Deny the allegations set forth in paragraph "162" of the Complaint and state that Count II of the Complaint was dismissed by Opinion and Order dated June 10, 2025.

163.    Deny the allegations set forth in paragraph "163" of the Complaint and state that Count II of the Complaint was dismissed by Opinion and Order dated June 10, 2025.

164.    Deny the allegations set forth in paragraph "164" of the Complaint and state that Count II of the Complaint was dismissed by Opinion and Order dated June 10, 2025.

165.    In response to the allegations set forth in paragraph "165" of the Complaint, defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

166.    Deny the allegations set forth in paragraph "166" of the Complaint.

167.    Deny the allegations set forth in paragraph "167" of the Complaint, except admit that Plaintiff purport to proceed in this matter as stated therein.

168.    Admit that paragraph "168" of the Complaint contains a partial quotation of the U.S. Constitution, and respectfully refer this Court to the Constitution itself for its full text and true meaning.

169.    Deny the allegations set forth in paragraph "169" of the Complaint.

170.    Deny the allegations set forth in paragraph "170" of the Complaint.

171.    Deny the allegations set forth in paragraph "171" of the Complaint.

172.    Deny the allegations set forth in paragraph "172" of the Complaint.

173.    Deny the allegations set forth in paragraph "173" of the Complaint.

174.    Deny the allegations set forth in paragraph "174" of the Complaint.

175.    Deny the allegations set forth in paragraph "175" of the Complaint.

176.    Deny the allegations set forth in paragraph "176" of the Complaint.

177.    Deny the allegations set forth in paragraph "177" of the Complaint.

178.    In response to the allegations set forth in paragraph "187" of the Complaint, defendants repeat and reallege the responses contained within the preceding paragraphs as though fully set forth herein.

179.    Deny the allegations set forth in paragraph "179" of the Complaint and state that Count IV of the Complaint was dismissed by Opinion and Order dated June 10, 2025.

180.    Deny the allegations set forth in paragraph "180" of the Complaint and state that Count IV of the Complaint was dismissed by Opinion and Order dated June 10, 2025.

181.    Deny the allegations set forth in paragraph "181" of the Complaint and state that Count IV of the Complaint was dismissed by Opinion and Order dated June 10, 2025.

182.    Deny the allegations set forth in paragraph "182" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

183.    The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

184.    Defendants City of New York and Commissioner Mayuga have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

185.    By Opinion and Order dated June 10, 2025, Counts I, II and IV were dismissed for failure to state a claim.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

186.    Plaintiffs NYSAR, Bohemia Realty Group, Real New York LLC, Level Group Inc., Four Corners Realty LLC, 21 West 74 Corp., and 8 West 119th Street HDFC lack standing to bring a claim under the Contract Clause.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

187.    The Court may lack Article III jurisdiction over REBNY and Bond New York's Contract Clause claim due to lack of standing and/or mootness.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

188.    At all times relevant to the acts alleged in the complaint, defendant Commissioner Mayuga acted reasonably in the proper and lawful exercise of her discretion.

**WHEREFORE**, Defendants City and Commissioner Mayuga request judgment dismissing the Complaint, with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

June 24, 2025
New York, New York

MURIEL GOODE-TRUFANT
Corporation Counsel of the City of New York
*Attorney for Defendants City and Mayuga*
100 Church Street
New York, New York 10007
(212) 356-2369

/S

By:  _____
       Aimee K. Lulich
       Assistant Corporation Counsel

- 22 -

24-CV-09678 (RA)

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REAL ESTATE BOARD OF NEW YORK, INC., NEW
YORK STATE ASSOCIATION OF REALTORS, INC.,
BOHEMIA REALTY GROUP, BOND NEW YORK
REAL ESTATE CORP., REAL NEW YORK LLC,
LEVEL GROUP INC., FOUR CORNERS REALTY,
LLC, 21 WEST 74 CORP., 8 WEST 119TH STREET
HDFC,

Plaintiffs,

-against-

THE CITY OF NEW YORK, *a municipal entity*, VILDA
VERA MAYUGA, *as Commissioner of New York City
Department of Consumer and Worker Protection*,

Defendants.

**DEFENDANTS CITY OF NEW YORK AND VILDA VERA
MAYUGA'S ANSWER TO THE COMPLAINT**

**MURIEL GOODE-TRUFANT**

Corporation Counsel of the City of New York
*Attorney for Defendants*

100 Church Street Rm 5-318
New York, N.Y. 10007

Of Counsel: Aimee K. Lulich
Tel: (212) 356-2369
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ...................................... , 2025 . . .*

*......................................................................... Esq.*

*Attorney for ..........................................................*