

MURIEL GOODE-TRUFANT
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

JESSICA KATZEN
Assistant Corporation Counsel
jkatzen@law.nyc.gov
Phone: (212) 356-1646

July 9, 2025

<u>**VIA ECF**</u>
Honorable Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

  Re: *Real Estate Board of New York, Inc., et al. v. City of New York, et al.*
    24 CV 9678 (RA)

Your Honor:

   I am Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, one of the attorneys for Defendants City of New York and Vilda Vera Mayuga, Commissioner of the New York City Department of Consumer and Worker Protection ("DCWP") (collectively "Defendants") in the above-referenced proceeding. I write pursuant to Your Honor's July 8, 2025 Order (ECF Docket No. 74) directing the parties to file a letter setting forth their respective positions on whether the Court has jurisdiction to grant the relief Plaintiffs seek in their motion for an injunction pending appeal.

   Pursuant to the Court's Order, Defendants have reviewed *Goldstein v. Hochul*, No. 22-CV-8300 (VSB), 2023 WL 4622598 (S.D.N.Y. July 19, 2023). Here, unlike in *Goldstein v. Hochul*, a decision on the instant motion for an injunction pending appeal would not eliminate the controversy before the Second Circuit. Plaintiffs appeal the denial of their request for a preliminary injunction enjoining of the enforcement of New York City Administrative Code ("Admin. Code") § 20-699.20, *et seq.*, known as the Fairness in Apartment Rental Expenses ("FARE") Act, in its entirety, while the instant motion seeks an injunction pending appeal of enforcement of Admin. Code § 20-699.21(a)(2), a mere subsection of the FARE Act, only.

   Further, Defendants take the position that Fed. R. App. P. 8(a) requires a motion for injunction pending appeal to be made before the District Court prior to seeking such relief from

a Court of Appeals, and thus, the Court is not without jurisdiction to decide a motion pursuant to Fed. R. Civ. P. 62(d).

Respectfully submitted,

/s/ *Jessica Katzen*
Jessica Katzen
Assistant Corporation Counsel

To:    **VIA ECF**
       *Attorneys for Plaintiff*