
Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

July 9, 2025

**By CM/ECF**

Hon. Ronnie Abrams
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Sq.
New York, NY 10007

Re:     *REBNY, Inc. v. New York City*, No. 1:24-cv-09678

Dear Judge Abrams:

We represent Plaintiffs in this matter and write in response to the Court's order asking for the parties' positions on the Court's jurisdiction to grant Plaintiffs' pending motion for an injunction pending appeal.  ECF 74 at 1.

"[I]t is well-settled that a court retains the power to grant injunctive relief to a party to preserve the status quo during the pendency of an appeal." *Hawaii Housing Auth. v. Midkiff*, 463 U.S. 1323, 1324 (1983) (Rehnquist, J., in chambers).  Civil Rule 62(d) operationalizes that power, providing that "[w]hile an appeal is pending from an interlocutory order . . . that . . . refuses . . . an injunction, the court may . . . grant an injunction on terms for bond or other terms that secure the opposing party's rights."  Fed. R. Civ. P. 62(d).  Rule 62(d) is therefore "an exception to th[e] general rule" that jurisdiction transfers to the Court of Appeals on the filing of a notice of appeal "and a recognition of the long established right of the trial court, after an appeal, to make orders appropriate to preserve the status quo while the case is pending in the appellate court." *United States v. El-O-Pathic Pharmacy*, 192 F.2d 62, 79 (9th Cir. 1951) (per curiam).[1]

Critically, the relevant status quo is not the status quo at the time the motion for an injunction pending appeal is filed, but "the parties' pre-controversy position vis-à-vis the other." *North Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 38 (2d Cir. 2018).  "The 'status quo' in preliminary-injunction parlance is really a 'status quo ante,' " and "shuts out

---

[1] Older cases like *El-O-Pathic* refer to Rule 62(c).  2018 rule amendments moved the injunction-pending-appeal provision to a new Rule 62(d), but no substantive changes were made.  11 Mary Kay Kane & Allan Stein, *Federal Practice & Procedure (Civil)* § 2904 (3d ed. 2025 update).

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware.  "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in:  Alicante  Amsterdam  Baltimore  Beijing  Berlin  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dublin  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Munich  New York  Northern Virginia  Paris  Philadelphia  Riyadh  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Tokyo  Washington, D.C.  For more information see www.hoganlovells.com.

- 2 -                                                                                           July 9, 2025

defendants seeking shelter under a current 'status quo' precipitated by their wrongdoing." *Id*. at 37 n.5 (citations omitted).

As Plaintiffs have explained, the status quo ante here is the state of the law prior to the publication bar going into effect on June 11, 2025. *See* Mot. Reply 1. That distinguishes Plaintiffs' motion from *Goldstein v. Hochul*, in which the movant "offered no arguments for why an injunction pending appeal would fall into the narrow exception of preserving the status quo pending appeal." No. 22-cv-8300, 2023 WL 4622598, at *2 (S.D.N.Y. July 19, 2023).

Indeed, the Court must have jurisdiction to grant Plaintiffs' motion, or else the mandatory sequencing for parties seeking an injunction pending appeal would make little sense. A party seeking an injunction pending appeal from the Court of Appeals must first seek one in the district court or explain why moving first in the district would be impracticable. Fed. R. App. P. 8(a)(1)(C), (2)(A). The Second Circuit takes that rule seriously, denying injunctions pending appeal to parties who have not asked the district court first or explained why doing so would be impracticable. *See*, *e.g.*, *Agudath Israel of Am. v. Cuomo*, 980 F.3d 222, 225 (2d Cir. 2020) (per curiam). But if this Court lacked jurisdiction to grant an injunction pending appeal once an appeal is filed, Appellate Rule 8 would have little reason to require a futile motion in the district court first.

To the extent the Court finds it lacks jurisdiction, however, the Court should treat Plaintiffs' motion as a request for an indicative ruling as to whether the Court would grant an injunction pending appeal if the Court of Appeals remanded for that purpose. *See* Fed. R. Civ. P. 62.1(a); Fed. R. App. P. 12.1(b).

Please do not hesitate to have Chambers contact us if Your Honor should require anything additional in connection with the pending motion.

Respectfully submitted,

*/s/ Claude G. Szyfer*
Claude G. Szyfer

cc: Counsel for all parties (by CM/ECF)